IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELINE JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1477-L |
| | § | |
| CITY OF DALLAS, TEXAS | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant City of Dallas, Texas (the "City") has filed a motion to strike and/or exclude Plaintiff Jacqueline Jones's designated experts, *see* Dkt. No., 25, which United States District Judge Sam A. Lindsay has referred to the undersigned United States magistrate judge for hearing, if necessary, and proposed findings and recommendations, *see* Dkt. No. 44.

Jones filed a response, *see* Dkt. No. 35, and the City filed a reply, *see* Dkt. No. 41.

For the following reasons, the Court should grant in part and deny in part the motion to strike.

**Background**

In her initial disclosures, Jones listed treating physicians Dr. Xuang Lee, Dr. Naira Babain, Dr. Ashton Steele, and Dr. Van Minh Nguyen as individuals with knowledge of facts relevant to her claims. *See* Dkt. No. 26 at 6-7, 10.

In her expert designations, Jones listed Dr. Van Minh Nguyen as a treating provider. She did not list Dr. Xuang Lee, Dr. Naira Babain, and Dr. Ashton Steele as experts. *See id.* at 15. She also stated that,

> [t]o the extent Plaintiff's medical and military disability records contain expert or medical opinions, Plaintiff designates the medical providers who generated such documents as experts who may be called to render expert opinions at trial, either as witnesses or indirectly through use of business records which contain their opinions on medical matters.

*See id.* at 16.

The City moves to strike the unnamed treating physicians because they were not properly designated as required by Federal Rule of Civil Procedure 26.

The City also moves to strike the expert designation of Dr. Nguyen and argues that Dr. Nguyen should be excluded as an expert because he did not submit an expert report concerning any information that he has about her medical conditions other than the one month that he treated her during the relevant time period.

## Legal Standards and Analysis

I. <u>The Court should strike the unnamed designated treating physicians.</u>

Federal Rule of Civil Procedure 26(a)(2) governs disclosure of expert testimony. In addition to initial disclosures, a party must disclose to the other parties the identity of any witness that it may use at trial to present expert evidence. *See* FED. R. CIV. P. 26(a)(2)(A).

If the witness is not required to provide a written expert report, the disclosure must state the subject matter on which the witness is expected to present expert evidence and a summary of the facts and opinions to which the witness is expected to

testify. *See* FED. R. CIV. P. 26(2)(C). Treating physicians are generally not required to provide an expert report when they testify about their treatment of a patient. *See Erving v. Dallas Hous. Auth.*, No. 3:16-cv-1091-L, 2018 WL 4409797, at *13 (N.D. Tex. Sept. 17, 2018).

Federal Rule of Civil Procedure 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

"In evaluating whether a violation of Rule 26 is harmless, the court examines four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. The court considers the four-factor test holistically. It does not mechanically count the number of factors that favor each side." *Fuller v. CIG Fin., LLC*, No. 3:22-cv-1289-D, 2023 WL 8482889, at *2-*3 (N.D. Tex. Dec. 7, 2023) (cleaned up).

The disclosing party bears the burden of proving the failure to timely disclose was substantially justified or harmless. *See Lopez v. Fun Eats and Drinks, LLC*, No. 3:18-cv-1091-X, 2021 WL 3502361, at *4 (N.D. Tex. July 16, 2021); *accord Coleman v. Chevron Phillips Chem. Co. LP*, No. CV H-23-350, 2024 WL 460248, at *9 (S.D. Tex. Feb. 6, 2024); *Fuller*, 2023 WL 8482889, at *3.

In her response, Jones explains that "out of an abundance of caution Plaintiff

indicated that should the need arise, to prove her medical conditions, she might rely on the opinions of her medical providers as provided in her medical records." Dkt. No. 35 at 2. But, other than Dr. Nguyen, she fails to identify any medical providers or opinions that may exist in her medical records.

First, Jones's stating that she may call the unidentified witnesses out of an abundance of caution should the need arise indicates that the evidence is of minimal importance.

Second, allowing Jones to designate nameless experts prejudices the City because it does not allow the City to properly prepare for trial.

Third, the Court recently vacated the trial setting and all pretrial deadlines. Without the expert's names and identification of the subject matter on which they are expected to present expert evidence and a summary of the facts and opinions to which the experts are expected to testify, a continuance will not cure the prejudice.

But Jones requests leave to supplement her disclosures, and the Court could reopen discovery to allow her to cure the failure to disclose the unidentified experts, which could cure the failure-to-disclose problem but would also prejudice the City by increasing its pretrial preparation costs.

Fourth, Jones does not offer any explanation for why she failed to disclose the unidentified experts.

Because Jones she has failed to comply with Rule 26's disclosure requirements, she should be precluded from offering evidence from the unidentified medical providers. *See Erving,* 2018 WL 4409797, at *13 (excluding expert evidence

from "any and all other healthcare providers associated" with plaintiff's medical treatment").

II. <u>The Court should exclude Dr. Nguyen's testimony.</u>

"A treating physician is the prototypical expert who can be deposed or called to testify at trial without disclosing an expert report." *Lee v. Valdez*, No. 3:07-cv-1298-D, 2008 WL 4287730, at *3 (N.D. Tex. Sept. 18, 2008). "[D]istrict courts in this circuit agree that the treating-physician exception to the expert report requirement applies only when the treating physician's opinion testimony is based on personal knowledge obtained from examining and treating an individual. If the physician's opinion testimony is based on information learned outside the court of treatment, a written report is required." *Cooper v. Wal-Mart Transp., LLC*, Civil Action No. H-08-0085, 2009 WL 290447, at *1 (S.D. Tex. Feb. 5, 2009); *see, e.g., Lee*, 2008 WL 4287730, at *3 ("If the [treating physician's] testimony extends beyond [testimony based on personal knowledge acquired during treatment], a written report is required."); *Boudreaia v. J.P. Morgan Chase & Co.,* Civil Action No. 07-555, 2007 WL 4162908, at *2 (E.D. La. Nov. 21, 2007) (holding that written report was not required for "treating physician whose testimony and opinions derive from information learned during actual treatment of the patient"); *Duke v. Lowe's Homes Ctrs., Inc.,* Civil Action No. 1:06CV207-P-D, 2007 WL 3094894, at *1 (N.D. Miss. Oct. 19, 2007) (concluding that, without an expert report, the treating physician's testimony would be "limited to those facts and opinions contained in [the] medical records"); *Lowery v. Spa Crofters, Inc.,* No. Civ. A. SA03CA0073-XR, 2004 WL

1824380, at *2 (W.D. Tex. Aug. 16, 2004) (the treating-physician exception is "limited to facts and circumstances developed during the care of the patient").

Jones began receiving treatment from Dr. Nguyen on May 14, 2019. *See* Dkt. No. 26 at 20-32. Her employment with the City ended on June 14, 2019.

During that time, Dr. Nguyen performed a check-up and referred her for a well-woman visit and mammogram. In the check-up, Dr. Nguyen noted Jones's knee pain but did not address the severity of her knee pain or any other type of alleged chronic conditions, such as those that Jones alleges are related to her employment with the City, or any workplace accommodations allegedly required due to such conditions.

Accordingly, Dr. Nguyen's testimony should be excluded to the extent that he would testify concerning any other information that he has about her medical conditions from the one month he treated her during the relevant time period.

## Conclusion

The Court should grant in part and deny in part the City of Dallas's Motion to Strike and/or Exclude Plaintiff Jacqueline Jones's Designated Experts [Dkt. No. 25].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. ' 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 6, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE