IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JACQUELINE JONES,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:22-CV-1477-L** |
| § | |
| **CITY OF DALLAS,** § | |
| § | |
| Defendant. § | |

# ORDER

On June 5, 2024, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report" or "FCR") (Doc. 47) was entered, recommending that this court grant in part the City of Dallas's Motion to Strike and/or Exclude Plaintiff's Designated Experts ("Motion") (Doc. 25), which was filed September 15, 2023, and referred to the magistrate judge on December 1, 2023. Doc. 44. The Report also recommends that the court deny Plaintiff's request to supplement or amend her expert designations that was included in her response (Doc. 49) to the City's Motion. For the reasons that follow, the court **accepts** the Report (Doc. 47), **overrules** Plaintiff's objections (Doc. 49) to the Report, **grants in part** the City's Motion (Doc. 25) to the extent recommended by the Report, and **denies** Plaintiff's request to supplement or amend her expert designations.

## I.   The Magistrate Judge's Findings and Recommendations

The Report notes as follows regarding Plaintiff's initial disclosures and expert designations:

> In her initial disclosures, Jones listed treating physicians Dr. Xuang Lee, Dr. Naira Babain, Dr. Ashton Steele, and Dr. Van Minh Nguyen as individuals with knowledge of facts relevant to her claims. *See* Dkt. No. 26 at 6-7, 10.

    In her expert designations, Jones listed Dr. Van Minh Nguyen as a treating provider. She did not list Dr. Xuang Lee, Dr. Naira Babain, and Dr. Ashton Steele as experts. *See id.* at [16]. She also stated that,

> [t]o the extent Plaintiff's medical and military disability records contain expert or medical opinions, Plaintiff designates the medical providers who generated such documents as experts who may be called to render expert opinions at trial, either as witnesses or indirectly through use of business records which contain their opinions on medical matters.

   *See id.* at 16.

Report 1-2 (Doc. 47).

   The Report recommends that the undersigned preclude any testimony by Dr. Lee, Dr. Babaian,[1] Dr. Steele, as well as any other physician expert not identified by name in Plaintiff's expert designations because she has not established that such failure was substantially justified or is harmless. For similar reasons, the Report recommends that the court deny Plaintiff's request to supplement her disclosures because: (1) she has not offered any explanation for her failure to comply with Federal Rule of Civil Procedure 26; (2) other than Dr. Nguyen, she has yet to identify any medical providers or opinions that may exist in her medical records; (3) her "stating that she may call the unidentified witnesses out of an abundance of caution should the need arise indicates that the evidence is of minimal importance"[2]; (4) allowing Plaintiff to supplement would prejudice the City of Dallas ("City") by unnecessarily prolonging the litigation, increasing pretrial costs, and depriving it of an adequate opportunity to prepare for trial; and (5) a further continuance will not cure the prejudice to the City, as Plaintiff has yet to identify experts, the subject matter of their

---

[1] The parties' briefing on Defendant's Motion and Plaintiff's objections use the following spelling for Plaintiff's physician: Dr. "Babaian." The Report likely refers to this doctor as Dr. "Babain" because this is the spelling Plaintiff used in her initial disclosures. *See* Def.'s App. 4 (Doc. 26). For purposes of this order, the court uses the former spelling used in the parties' briefing.

[2] Report 4.

**Order – Page 2**

anticipated testimony, or a summary of the facts and opinions to which they are expected to testify. In addition, the Report recommends that the undersigned grant the City's Motion with respect to Dr. Nguyen, but only to the extent that his testimony should be limited to facts and opinions based on personal knowledge that he obtained from his treatment of Plaintiff during an approximate one-month period. Plaintiff filed objections to the Report on June 20, 2024, to which the City filed a response in opposition on July 3, 2024.

## II. Discussion

### A. Exclusion of Expert Testimony by Any Physician Not Identified in Plaintiff's Expert Designations (Dr. Babaian, Dr. Steele, Dr. Lee, and any other unidentified experts)

In response to the recommendation that her undesignated experts be stricken, Plaintiff argues:

> The [m]agistrate [judge] essentially recommends Plaintiff's medical records be off limits for trial, basing its decision in part on the assumption that this would not allow the City to properly prepare for trial. Op. at p. 4. Yet, the Magistrate acknowledged that Plaintiff did disclose her treating physicians as part of her initial disclosures as potential fact witnesses. Op. at 1.
>
> Of course, Defendants have been provided with access to Plaintiff's medical records, and the contents thereof. In fact, Defendant has already fully deposed Dr. Steele and Dr. Babaian. It further has obtained medical records from Dr. Nguyen. (Doc. No. 26, p.14) It has also subpoenaed records from Dr. Xuang Lee. Having been provided access to Plaintiff's medical records, there is no basis for excluding these records or the testimony of physicians which have already been fully deposed.

Pl.'s Obj. 6 (Doc. 49).

The City responds:

> Plaintiff's sole objection to the FCR's recommendation that her unnamed designated treating physicians should be struck as experts is that the City already has, or attempted to obtain, medical records and deposition testimony from some of her treating physicians. (Objections at 6.) Plaintiff's objection concedes that she failed to properly designate all but one treating physician, Dr. Nguyen, and ignores the salient law regarding whether her violation was harmless. The factors for

> determining whether a violation of Rule 26 is harmless are discussed at length in the City's Motion and the FCR[.] . . .
>
> The FCR analyzed each factor, as required, and determined that the importance of the evidence to Plaintiff was minimal and that Plaintiff had provided no reason for her failure to properly disclose. (FCR at 4.) Plaintiff's Objections argue only a lack of prejudice to the City. However, Plaintiff acknowledges that only two of her treating physicians were deposed, and that the City subpoenaed, but did not receive, medical records from one of the providers. (Objections at 6.) Further, as this [c]ourt noted in *Erving v. Dallas Housing Authority*, "[a] proper expert designation allows opposing counsel to anticipate the expert's testimony and make decisions about how to approach that expert. No. 3:16-CV-1091-L, 2018 WL 4409797, at *15 (N.D. Tex. Sept. 17, 2018) (Lindsay, J.) As the City noted in its Motion, Plaintiff declined to produce the vast majority of her medical records as requested, choosing to instead [to] object to the request for production and furnish the City with a blank release, forcing the City to subpoena the records and attempt to figure out which doctors were relevant on its own. (Motion at 3 n.2.) Plaintiff's failure to properly designate her experts has already prejudiced the City during the discovery process. The City would be further prejudiced if the unnamed treating physicians are not excluded, as the City would not be able to properly prepare for trial and lacks records and deposition testimony for some of the potential experts. (Reply at 3.)
>
> Because Plaintiff's objection fails to adequately address the governing law, and the factors continue to weigh in favor of exclusion, as more thoroughly set forth in the FCR, the City requests that the [c]ourt overrule Plaintiff's objection and exclude Plaintiff's unnamed designated treating physicians as experts.

Def.'s Resp. 2-3 (Doc. 51).

Federal Rule of Civil Procedure 26(a)(2)(B) provides: "Unless otherwise stipulated or ordered by the court, . . . [the disclosure of expert testimony] must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them." If a witness is not required to provide a written expert report, Rule 26(a)(2)(C) provides that a party's disclosure must state: "the subject matter on which the witness is expected to present evidence under Federal Rule of Civil Evidence 702, 703, or 705," and include "a summary of the facts and opinions to which the witness is expected to testify." Any opinions that are not properly disclosed in accordance with Rule 26(a) may be excluded "unless the failure was substantially justified or is harmless." Fed. R.

**Order – Page 4**

Civ. P. 37(c)(1). Exclusion, however, is not mandatory or automatic but, instead, a matter of the court's discretion. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). In deciding whether to exercise its discretion and exclude an expert witness for failure to comply with Rule 26(a)(2), the court is guided by four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.*

In responding to the City's Motion, Plaintiff failed to address the City's sole argument under Rule 26 for excluding Plaintiff's treating physicians who were not included in her expert designations. The entirety of Plaintiff's response instead focused on why she believed the testimony provided by any of her designated or undesignated physician experts would be admissible under *Daubert v. Merrell Dow Pharmaceuticals, Incorporated*[3] and Federal Rules of Evidence 702 and 703. As such, she **waived** any argument she may have had with respect to whether the undesignated physician experts should be stricken as a result of her failure to comply with Rule 26. Plaintiff's referencing Rule 26 for the first time in response to the magistrate judge's Report does not cure such failure. *Freeman v. County of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998) ("[A] party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge."). Additionally, while Plaintiff's objections include the legal standard for Rule 26(a)(2), she does not explain how this supports her objection to the magistrate judge's recommendation that all nondesignated experts be stricken.

Moreover, the magistrate judge concluded that the City's Motion to exclude the undesignated experts should be granted for two reasons: (1) because the failure by Plaintiff to timely designate these experts was substantially justified; and (2) such failure was not harmless.

---

[3] 509 U.S. 579 (1993).

**Order – Page 5**

Plaintiff's objections, however, focus solely on the magistrate judge's prejudice finding. As noted in the Report and the City's response to Plaintiff's objections, Plaintiff has yet to provide an explanation for why she failed to properly and timely designate the physician experts that she now seeks to designate. Having failed to address this alternate ground in her objections, she also **waived** this issue, which constitutes an independent basis for the court to strike the undesignated experts as recommended by the magistrate judge. *See Lopez v. Sentrillon Corp.*, 749 F.3d 347, 352 & nn.18-19 (5th Cir. 2014), *as revised* (Apr. 28, 2014) (concluding that failure of the appellant to challenge the district court's alternative and independent basis for remand or dismissal constituted a waiver of this issue that defeated any chance the appellant had of prevailing) (citing *Atwood v. Union Carbide Corp.*, 847 F.2d 278, 280 (5th Cir. 1988) ("Since appellants have adopted the Bush brief, we examine it to determine the issues presented here. That examination reveals no mention of the causation issue. Because that issue constituted an independent ground for dismissal below, appellants were required to raise it to have any chance of prevailing in this appeal.")).

For these reasons, the court **overrules** Plaintiff's objections to the magistrate judge's findings and conclusions with respect to the treating physician experts (Drs. Babaian, Steele, and Lee) referenced in her initial disclosures but not identified by name in her expert designations. The same ruling applies to any other potential unnamed expert not included in Plaintiff's expert designations.

### B. Limiting of Dr. Nguyen's Testimony to that of a Treating Physician

Plaintiff objects to magistrate judge's recommendation that any testimony by Dr. Nguyen be limited to that of a treating physician expert, that is, to (1) the timeframe he treated Plaintiff; and (2) facts and opinions based on personal knowledge that he obtained from his treatment of Plaintiff. Plaintiff's objections, however, do not address the legal or factual bases in the Report

for limiting Dr. Nguyen's testimony to the foregoing matters. As the Report correctly notes, without an expert report, a treating physician's testimony is limited to facts and opinions derived from examining and treating a patient. Instead of addressing this precise issue, Plaintiff argues in her objections as follows:

> While the testimony of Plaintiff's treating physicians particularly as contained in her medical records may arguably fall under the purview of *Daubert*, this is hardly a situation where heightened scrutiny is needed from the [c]ourt. Physicians are among the most extensively trained experts of any field, requiring years of medical training, the passing of banks of standardized tests, and typically board certification from other physicians in their field to qualify to work in their field. The opinions in Plaintiff's medical records were principally developed to treat her actual health conditions, and not separately developed for purposes of this litigation.
>
> This, of course, lends an additional level of reliability to their opinions. The objection that Dr. Nguyen took a medical history from Plaintiff, or looked at her clinical history in the records, is a non-starter. Rule 703 expressly permits experts such as physicians to base their opinions on such materials, and doctors routinely rely on this type of information in developing their medical opinions and treatment plans. Further, Rule 803(5) expressly exempts reports of a medical history from the hearsay rule, presumably because patients have a clear motive to tell the truth in such statements to get the correct diagnosis and treatment. In short, there is no basis for excluding all of Plaintiff's medical records otherwise proved up as business records because they may contain expert opinions within them, or for excluding Plaintiff's treating physician(s) otherwise disclosed as fact witnesses from testifying to conditions she presently experiences should the need arise, or opining on the nature of her conditions and needs for accommodations based on their historic medical records and the recorded history of other medical providers. Nor, for that matter, is there any justification for limiting medical records at this stage to only those few pages that opposing counsel deems are relevant. Such matters are better left to trial, where their pertinence and context can be properly evaluated.

Pl's Obj. 7-8.

The City counters:

> Plaintiff objects to the FCR's recommendation that Dr. Nguyen's testimony be limited to the time period in which he treated plaintiff. (Objections at 7.) Plaintiff simply ignores the law set forth in the Motion and FCR, which explains that, when a treating physician does not file an expert report, he is limited to his "personal knowledge obtained from examining and treating an individual." *Cooper v. Wal-Mart Transp., LLC*, Civil Action No. H-08-0085, 2009 WL 290447, at *1 (S.D.

Order – Page 7

> Tex. Feb. 5, 2009; *see also* Motion at 4-8; FCR at 5-6. Plaintiff concedes that Dr. Nguyen only treated Plaintiff for one month during the period of time relevant to this lawsuit. (Objections at 7-8.) Nevertheless, he seeks to use Dr. Nguyen for records and testimony for years prior to Dr. Nguyen treating Plaintiff. (*Id.*) Because Dr. Nguyen did not provide an expert report, he should be excluded as an expert for the time period prior to this treatment of Plaintiff, as the [m]agistrate [j]udge recommended.

Def.'s Resp. 4.

The point Plaintiff is attempting to make in her objections is not entirely clear. The Report recommends that Dr. Nguyen's testimony be limited to that of a treating physician expert because Plaintiff did not provide a report for him. As the City correctly notes, Plaintiff's objection does not address this basis for the magistrate judge's recommendation. Instead, her objections focus on whether some of her medical records will be admissible and whether Rule 703 allows experts to rely on information other than what was personally observed. Thus, it appears that Plaintiff objects to the extent that Dr. Nguyen will be limited to testifying regarding his own treatment and observations of her as opposed to the treatment of her by other medical professionals as reflected in other medical records. Plaintiff, however, does not dispute that Dr. Nguyen is a treating physician who has not provided an expert report, and she does not contend that the legal authority relied on by the magistrate judge regarding treating physician experts is incorrect or flawed. Finding no error in the magistrate judge's findings or conclusion as to Dr. Nguyen's testimony, the court **overrules** this objection by Plaintiff.

Having overruled both of Plaintiff's objections, the court determines that the City's Motion should be granted to the extent recommended by the magistrate judge. Accordingly, this leaves only Plaintiff's objection to the magistrate judge's recommendation regarding her request to supplement or amend her expert designations.

**Order – Page 8**

### C. Request to Supplement or Amend Plaintiff's Expert Designations

As noted, Plaintiff's response to the City's Motion includes a request to supplement her expert designations. As grounds for the request to supplement, Plaintiff asserts:

> At this point, it is worth noting that the Defendant has already deposed at least two of Plaintiff's medical providers, Dr. Ashton Steele and Dr. Naira Babaian, and sent out depositions on written questions to Doctors Lee and Nguyen. Since this discovery has already taken place and Defendant would not be prejudiced by the admission of medical records obtained from such physicians or deposition testimony from the doctors already deposed, Plaintiff requests leave to amend her Rule 26(a)(2) disclosures to expressly include such records and deposition transcripts should the [c]ourt determine her disclosures to be insufficient. As Defendant concedes, these doctors were disclosed as fact witnesses in her disclosures, including the opinions stated in their letters requesting specific accommodations. Def. App. pp. 3-4, 7-8.

Pl.'s Resp. 7 (Doc. 35). Plaintiff's objection to the Report includes an identical request. See Pl.'s Obj. 8.

In response to the magistrate judge's recommendation that her request to supplement or amend be denied, Plaintiff objects as follows:

> Plaintiff objects to the recommendation that [she] not be allowed to supplement her expert disclosures. Op. at p. 4. Should the [c]ourt deem it necessary to supplement, the [m]agistrate [judge] ignores that Defendant has already obtained the medical records in issue, that it has already fully deposed Dr. Steele and Dr. Babaian, and that[,] in any event, the trial has been postponed indefinitely at this point should further discovery be required. It is, quite simply, needlessly harsh to prevent Plaintiff from supplementing disclosures to allow testimony of physicians the Defendant has already deposed, or to disclose the use of medical records already obtained.

Pl.'s Obj. 6-7.

From this, it appears that Plaintiff is seeking to "supplement" her expert designations to include Drs. Babaian, Lee, Steele, and/or to expand the scope of her prior designation for Dr.

Nguyen to allow him to testify regarding matters outside of his personal knowledge even though no expert report was provided by him as required by Rule 26.

Rule 26 anticipates that expert disclosures and reports may require supplementation, and Rule 26(a)(2)(E) requires parties to supplement their expert disclosures when required under Rule 26(e). The timing of expert disclosures, however, is governed by Rule 26(a)(2)(D), which requires parties to identify their experts and provide expert reports within the deadlines set by the district court's scheduling order. Fed. R. Civ. P. 26(a)(2)(D). A district court has broad discretion in preserving the integrity and purpose of its pretrial orders. *Geiserman*, 893 F.2d at 790. A district court may grant a party leave to modify deadlines in the scheduling order entered by the district court, including expired expert deadlines, but only if good cause is shown under Rule 16(b) based on consideration of the four factors in *Geiserman*. *See id.* at 791.

In this case, the court set a deadline of June 5, 2023, for Plaintiff to designate her experts and comply with Rule 26(a)(2). Specifically, the court's November 21, 2022 Scheduling Order (Doc. 12) states that by this date, "[u]nless otherwise stipulated or directed by order, Plaintiff shall file a written designation of the name and address of each expert witness who will testify at trial and shall otherwise comply with Rule 26(a)(2)." Plaintiff filed her expert designations by this date, but her designations failed to provide the names and addresses of *all* of the experts she expected to testify at trial and instead only identified Dr. Nguyen by name.

While nonretained witnesses, including treating physicians, are not required to provide an expert report, Rule 26(a)(2) still requires a party's disclosures for such witnesses to state the "subject matter on which the witness is expected to present evidence" and provide "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Plaintiff acknowledges as much in her objections but her expert designations did not include this

information, and Plaintiff does not explain in her request to supplement or amend her objections what subject matter, facts, or expert opinions she seeks to disclose at this late juncture if allowed to supplement. It is not even entirely clear whether she now seeks to designate some or all of the treating physicians included in her initial disclosures or other yet-to-be identified persons.

Plaintiff contends that the magistrate judge acknowledged that she disclosed her "treating physicians as part of her initial disclosures as potential fact witnesses." Pl.'s Obj. 6. In this regard, the magistrate judge states as follows in the "Background" section of his Report: "In her initial disclosures, Jones listed treating physicians Dr. Xuang Lee, Dr. Naira Babaian, Dr. Ashton Steele, and Dr. Van Minh Nguyen as individuals with knowledge of facts relevant to her claims." Report 1 (citing Def.'s App. 6-7, 10 (Doc. 26)). In addition, Plaintiff points to the language in her expert designations— "[t]o the extent Plaintiff's medical and military disability records contain expert or medical opinions, Plaintiff designates the medical providers who generated such documents as experts who may be called to render expert opinions at trial, either as witnesses or indirectly through use of business records which contain their opinions on medical matters." Doc. 16.

Plaintiff's December 2022 initial disclosures, however, are as vague as her expert designations. Regarding, Dr. Lee, Plaintiff merely states in her initial disclosures that he is "[o]ne of Plaintiff's treating physicians, who requested a reasonable accommodation by filling out a City form" and "generally requested accommodations concerning Plaintiff's work desk." Def.'s App. 3 (Doc. 26). Regarding Dr. Babaian, Plaintiff states that he too is "[o]ne of Plaintiff's treating physicians," who completed a City accommodation form "requesting no exposure to airborne irritants." *Id.* at 4. Regarding Dr. Steele, Plaintiff states in her disclosures that he is a treating physician "who requested an enclosed office space for [her] like the one she had before, or alternatively, the ability to work from home to minimize distractions and exacerbation of PTSD

Order – Page 11

symptoms." *Id.* Finally, regarding Dr. Nguyen, Plaintiff merely states that he is "current treating physician" who "can speak to the long-term and chronic conditions at issue in this suit." *Id.* at 7-8.

While her disclosures identify these four treating physicians as "persons believed to have discoverable information that Plaintiff may use to support [her] claims, along with the subjects of that information," neither her disclosures nor her subsequent expert designations identify the "subject matter on which [each] witness is expected to present evidence." Fed. R. Civ. P. 26(a)(2)(C). Even assuming that the aforementioned statements in Plaintiff's initial disclosures was meant to summarize the subject matter of these potential witnesses, neither these disclosures nor her expert designations include "a summary of the facts and opinions to which [each] witness is expected to testify." *Id.* Moreover, in only identifying Dr. Nguyen by name in her later expert designations, Plaintiff gave the misimpression that she only intended to rely on the testimony of this treating physician. Thus, even combined, her initial disclosures and expert designations are too vague and do not satisfy Rule 26(a)(2) or the court's Scheduling Order.

That the City deposed the four identified treating physicians orally or by serving written questions does not cure this deficiency or the prejudice to the City. The purpose of expert disclosures and designations is to put the opposing side on notice of the testimony a party expects to rely on at trial and to facilitate the orderly resolution of claims. The approach taken by Plaintiff here did not put the City on notice. Instead, the City was left to guess during discovery which physicians Plaintiff intended to rely on, which defeats the purpose of Rule 26(a)(2) and the deadlines set by the court for expert designations, completing discovery, and filing expert challenges and dispositive motions. If Plaintiff is allowed to amend her designations and discloses opinions for the first time that were not addressed in prior oral depositions or depositions on written

Order – Page 12

questions, the City will have to unnecessarily undertake the time and expense of redeposing one or more of the undesignated physicians. Such late expert disclosures by Plaintiff at this juncture could also affect the City's own expert designations, particularly rebuttal expert disclosures required by the Scheduling Order, if they were made in reliance on Plaintiff's designations or lack thereof.

The February 2024 trial setting and unexpired pretrial deadlines were recently vacated by the court, but a continuance would not cure the prejudice to the City. The deadline for expert designations expired almost one year ago, and, in any event, Plaintiff has not requested to continue the trial or revive this or any other expired pretrial deadlines or shown good cause for any such continuance under Rule 16(b). *See Geiserman*, 893 F.2d at 792 (noting that no continuance had been requested). Rule 26(a)(2) contemplates supplementation of disclosures, and Plaintiff's initial disclosures recognized that supplementation may be necessary, but at no time before the court-ordered deadline for filing expert designations did Plaintiff seek to supplement her designations. She, instead, waited until after the City filed its current Motion to strike her expert testimony.

This case, which is not complex in nature, has now been pending more than two years. An extension to permit Plaintiff to supplement or amend her designations extensions at this late time would in all likelihood necessitate an extension of the discovery deadline that expired last year, the City's expert deadline, the deadline for challenging experts, and possibly the dispositive motion deadline. As indicated, extensions of this kind will unnecessarily result in additional delay and increase the City's expense of the defending this lawsuit. At some point, justice delayed is justice denied whether on the part of the plaintiff or a defendant to litigation.

Moreover, under the circumstances, "a continuance would not deter future dilatory behavior, nor serve to enforce . . . court imposed scheduling orders" because Plaintiff has yet to

explain why she was unable to comply with the court's Scheduling Order or Rule 26(a)(2) as applied to expert disclosures and designations. *Geiserman*, 893 F.2d at 792 ("Regardless of Geiserman's intentions, or inattention, which led to the flouting of discovery deadlines, such delays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution. Adherence to reasonable deadlines is critical to restoring integrity in court proceedings. We will not lightly disturb a court's enforcement of those deadlines and find no reason for doing so here. The court did not abuse its discretion in striking Geiserman's untimely witness designation and precluding Geiserman's expert testimony.") (footnote and citation omitted).

Additionally, Plaintiff has never once attempted to explain why she was unable to comply with the court's order and Rule 26(a)(2) as it applies to expert disclosures. She has also failed to explain why she waited until after the close of discovery and expiration of the deadlines for filing dispositive motions and *Daubert* challenges to experts before seeking leave to supplement or amend her expert designations for the first time in response to the City's Motion. Additionally, Plaintiff has never explained the import of any stricken physician testimony or testimony, the subject matter on which each of these persons is expected to testify, or the facts and opinions of each witness.

Consequently, none of the four factors in *Geiserman* weigh in favor of allowing Plaintiff to supplement or amend her expert designations. As Plaintiff has not shown good cause for her failure to timely and properly designate her four treating physicians and other unidentified witnesses by the deadline set by the court, the court agrees with the magistrate judge that her request in this regard should be and is hereby **denied.**

**Order – Page 14**

### III. Conclusion

Having considered the City's Motion, the briefs of the parties, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made by Plaintiff, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court **as supplemented by this order**. The court, therefore, **grants in part** the City's Motion (Doc. 25) to the extent recommended by the magistrate judge; **precludes** Drs. Babaian, Steele, and Lee and any other unnamed witness of Plaintiff from providing expert testimony in this action; and **limits** any testimony by Dr. Nguyen to that regarding facts and opinions derived from his own treatment and observations of Plaintiff as opposed to the treatment of her by other medical professionals as reflected in other medical records.

**It is so ordered** this 6th day of August, 2024.

*[signature]*
Sam A. Lindsay
United States District Judge