IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JACQUELINE JONES,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:22-CV-1477-L** |
| § | |
| **CITY OF DALLAS,** § | |
| § | |
| Defendant. § | |

## ORDER

On June 6, 2024, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report" or "FCR") (Doc. 46) was entered, recommending that this court grant Defendant City of Dallas's Motion for Summary Judgment ("Motion") (Doc. 21) and dismiss with prejudice all claims asserted by Plaintiff in this action. For the reasons that follow, the court **accepts** the Report (Doc. 46), **overrules** Plaintiff's objections (Doc. 48) to the Report, **grants** the City's Motion (Doc. 21), and **dismisses** all claims asserted by Plaintiff in this action against the City.

The Report recommends that all claims by Plaintiff under Title VII and the Americans with Disabilities Act ("ADA"), except for her discrimination claim under Title VII based on unequal pay, be dismissed for failure to exhaust administrative remedies. The unexhausted claims include those for retaliation under Title VII for filing a prior lawsuit; discrimination for failure to accommodate under the ADA; and retaliation under the ADA for seeking reasonable accommodations for her disabilities. The Report also concludes that Plaintiff's ADA charge was not timely filed because it was filed more than 300 days after the date of the alleged failure to accommodate. In addition, the Report includes alternative grounds for dismissing these claims in

Order – Page 1

the event the undersigned disagrees with the magistrate judge's primary recommendation regarding the claims being unexhausted.

The Report further recommends that Plaintiff's exhausted discrimination claim based on unequal pay be dismissed for failure to establish a prima facie case of discrimination. In addition, the Report concludes that, even assuming that Plaintiff can establish a prima facie case of discrimination, this claim still fails because Plaintiff has not come forward with evidence sufficient to raise a genuine dispute of material fact regarding pretext in response to the City's evidence of a legitimate business reason.

Plaintiff filed objections to the Report on June 20, 2024 (Doc. 48). She disagrees with the magistrate judge's determination that she failed to exhaust all but one of her claims. As the City correctly notes, however, the exhaustion arguments in Plaintiff's objections were not raised in response to the City's request for summary judgment on this ground. Plaintiff's summary judgment response contains no discussion regarding exhaustion and consequently is notably shorter in length than her objections to the Report.

Accordingly, the exhaustion arguments she asserts now for the first time in objecting to the magistrate judge's Report are **waived**. Even if not waived, the court finds no error in the magistrate judge's findings and conclusions regarding this issue. Accordingly, the court **overrules** Plaintiff's objections on this ground. Having determined that the City's Motion as to these claims should be granted for the primary reason recommended by the magistrate judge, the court need not address the alternative reasons in the Report for dismissing the unexhausted claims or Plaintiff's objections to these alternative reasons.

Plaintiff next objects to the Report's recommendation that her remaining exhausted claim based on unequal pay be dismissed. Plaintiff notes the magistrate judge's determination that she

failed to establish a prima facia case of discrimination because the sole Caucasian comparator is not "nearly identical." Pl.'s Obj. 13. Her objections, however, focus only on the magistrate judge's alternative conclusion that—even assuming Plaintiff can establish a prima facie case of discrimination, this claim still fails because she has not come forward with evidence sufficient to raise a genuine dispute of material fact regarding pretext in response to the City's evidence of a legitimate business reason.

Having failed to address and offer any reason why the magistrate judge erred in concluding that she failed to establish a prima facie case of discrimination, Plaintiff **waived** this issue, which constitutes an independent basis for the court to grant the City's Motion and dismiss this claim as recommended by the magistrate judge. *See Lopez v. Sentrillon Corp.*, 749 F.3d 347, 352 & nn.18-19 (5th Cir. 2014), *as revised* (Apr. 28, 2014) (concluding that failure of the appellant to challenge the district court's alternative and independent basis for remand or dismissal constituted a waiver of this issue that defeated any chance the appellant had of prevailing) (citing *Atwood v. Union Carbide Corp.*, 847 F.2d 278, 280 (5th Cir. 1988) ("Since appellants have adopted the Bush brief, we examine it to determine the issues presented here. That examination reveals no mention of the causation issue. Because that issue constituted an independent ground for dismissal below, appellants were required to raise it to have any chance of prevailing in this appeal.")). The court, therefore, **overrules** this objection by Plaintiff.

Having considered the City's Motion, the briefs of the parties, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made by Plaintiff, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court **as supplemented by this order**. The

**Order – Page 3**

court, therefore, **grants** the City's Motion (Doc. 25); and **dismisses with prejudice** all claims asserted by Plaintiff under the Title VII and the ADA against the City.[*]

**It is so ordered** this 7th day of August, 2024.

Sam A. Lindsay
United States District Judge

---

[*] Administrative exhaustion is not jurisdictional, and ordinarily dismissals for failure to exhaust administrative remedies should be without prejudice to give plaintiffs the opportunity to exhaust their administrative remedies and sue again. *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 478 (5th Cir. 1997). As the Report correctly notes, however, dismissal with prejudice of unexhausted claims is appropriate when, as here, the plaintiff fails to raise a genuine dispute of material fact relevant to exhaustion. *See Gonzalez v. Pan Am. Labs*, No. 3:14-CV-2787-L, 2017 WL 4758672, at *10 n.6 (N.D. Tex. Oct. 20, 2017) (citing *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011)).